IN RE ESTATE OF CATHERINE KUHMAN.

CHARLES KUHMAN, APPELLEE, V. MARGARETTE MILHAULIN
ET AL., APPELLANTS.

FILED DECEMBER 24, 1913.   No. 17,388.

Wills: CONTEST: EVIDENCE. Record examined, and found to be free
from error.

APPEAL from the district court for Nemaha county: LEANDER M. PEMBERTON, JUDGE. *Affirmed.*

*Quackenbush & Neal* and *S. P. Davidson,* for appellants.

*Lambert & McCarty, contra.*

FAWCETT, J.

Catherine Kuhman died August 27, 1910, leaving an instrument purporting to be her last will and testament. The probate of the will was contested by appellants. The decision of the county court was appealed from. Upon the hearing of the case in the district court for Nemaha county, the court directed a verdict sustaining the will, and the contestants have appealed.

The grounds for the contest relied upon are: First, that the testatrix neither signed nor declared the instrument to be her last will; second, that at the time the will is alleged to have been executed the testatrix was not competent mentally to execute the same; and, third, that at the time the will was executed the testatrix was under the control and influence of the proponent and his brother, and that she was unduly influenced and controlled by them in the execution of the same; that the will was not and is not her own voluntary and uninfluenced will.

That the will was duly executed is established by the clear and undisputed testimony of the subscribing witnesses.

There is an entire absence of evidence even tending to show that at the time the testatrix executed the will she was not of perfectly sound, disposing mind and fully competent to execute the same. Upon this point complaint is made of the rulings of the court in refusing to permit sundry witnesses on behalf of contestants to give their opinion that the testatrix did not have mental capacity to transact ordinary business or to make and execute a will. In each instance there was a complete failure to lay a foundation for such an opinion by the witness. It would serve no good purpose to set out the record. It so utterly fails to lay the necessary foundation for such an opinion that it would be a waste of time to do so.

The testimony by which it is sought to prove undue influence was the testimony of Catherine Randall, who was a daughter of the decedent. The offer was: "To prove by

the witness, and she will testify, if permitted, that from the time of her marriage down to her mother's death her brother Charles was consulted by her mother in the management of her business, and was controlled and influenced by him in the management of all the business that she did of any importance." The testimony of this witness shows that in 1879, at the age of 16 years, she ran away from home and was married in the state of Missouri; that within two years thereafter she returned home and remained about two weeks; that she then went to Iowa, and from there to Kansas, where she lived seven years, during which time she did not see her mother; that she removed from Kansas to Idaho, where she remained 12 years, during which time she never visited her mother; that she returned to Nebraska in 1906, five years after the execution of the will; that after returning to Nebraska she lived with her mother about a year. How this lady could possibly testify to the fact included within the offer is a mystery to us.

AFFIRMED.

BARNES, ROSE and SEDGWICK, JJ., not sitting.